DISTRICT COURT.                                        MAY 6, 1862.
                        ADMIRALTY.

## THE MAY v. THE REYBOLD.

A vessel which keeps the channel has a right to infer that her movement is seen by a vessel leaving her wharf, and that such vessel would not attempt to put back, but would continue her course and cross her bow. The admiralty rule of dividing the loss does not apply to such a case.

### COLLISION.

### CADWALADER, J.

If there had been a proper lookout from the May she would not have left her wharf under any headway without seeing the Reybold. A vessel putting out from the shore towards the channel is bound to see that it is clear of any vessel passing upward or downward whose track there might be danger of crossing. The May, therefore, was in fault. If the Reybold was also in fault, the admiralty rule of dividing

the loss might be applicable to the case. But the navigation of the Reybold appears to have been perfectly regular and proper. Her navigator, acting upon the reasonable belief that she had been seen from the May, could not anticipate that the May would attempt to put back. He had, on the contrary, a right to assume that she would continue her course in order to cross his bow. This purpose, if she had sufficient headway, could not have been interfered with by his movement in sheering inward toward the wharf. If her headway was sufficient and had been maintained, he must have passed astern of her. If she had not sufficient headway, the movement was necessary in order to save her. The testimony shows that it would have saved her if she had maintained her course instead of attempting to put back. In this opinion and in the views which I have previously expressed, the assessors concur. Upon these points I am glad that I have had the benefit of their assistance, though I had no doubt of my own to justify me in asking it. My sole reason for asking them to sit in the case was, that they might express an opinion whether the speed of the Reybold when the May left her wharf was too great for the navigation of that part of the river in the day time. A fair speed of steamers carrying passengers must be maintained, so far as may consist with the security of other vessels properly navigated. Any contrary rule, if it could be practically enforced, would be contrary to the public interests. On the other hand the enforcement of a uniform adherence to the rules of navigation secures the observance of a salutary caution which might otherwise be dangerously relaxed. On considerations of policy, not less than of justice, this libel ought therefore to be dismissed.

Decree that the libel be dismissed with costs.

On APPEAL to the circuit court, Judge Grier concurred with the views above expressed.